IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CALVIN JARROD HESTER, TDCJ #01472075, | § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 3:14-CV-340 |
| OFFICER ANGELA MAMUKUYOMI, et al., | § § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Calvin Jarrod Hester (TDCJ #01472075), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, has been granted permission to proceed *in forma pauperis*, and has provided a supplemental memorandum. Hester asserts that the defendants violated his right to procedural due process during the course of a prison disciplinary proceeding (Dkt. 5 at p. 5). The Court will dismiss this complaint as frivolous and for failure to state a claim.

I. **BACKGROUND**

According to the TDCJ website, Hester is currently serving concurrent 30-year sentences for a pair of drug-trafficking convictions in TDCJ's Darrington Unit.[1] The Court takes judicial notice that the state trial court made an affirmative finding that

---

[1] Hester has already discharged a third concurrent sentence for a drug-possession conviction.

1

Hester used or exhibited a deadly weapon in each case,[2] which makes Hester ineligible for release to mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(1).

In May of 2014, Hester was found guilty in prison disciplinary proceeding #20140258033 of "express[ing] an intention to escape from custody" (Dkt. 5-1 at p. 9). Hester claims that the disciplinary case arose from a verbal exchange that he had with a guard in the immediate aftermath of a fight between two other inmates (Dkt. 5 at p. 6). According to Hester, inmates who had witnessed the fight began "making fun" of the responding guards for how they had handled the situation; and Hester mentioned to one of the guards, who was acting very rattled and "uptight[,]" that the Darrington Unit had previously been a much more violent place, "full of drugs, prostitution, fights, [and] deaths" (Dkt. 5 at p. 6). This comment, Hester says, was "misinterpreted" as a threat to join other inmates in a takeover of and escape from the unit (Dkt. 5 at pp. 6–7).

As punishment in the disciplinary case, Hester lost 90 days of good-time credit; received a custodial demotion; and had his commissary and telephone privileges restricted for 45 days (Dkt. 5-1 at p. 9). For what he claims was a violation of his right to

---

[2] Hester challenged his convictions (and separately challenged the deadly-weapon findings) in a petition for a writ of habeas corpus in the Northern District of Texas. Judge Robinson denied the petition, and the Fifth Circuit denied a certificate of appealability. *See* Northern District of Texas Case Number 2:12-CV-79 at Docket Entries 29, 38, and 44; *see also Gray v. Beverly Enters.- Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) ("We may take judicial notice of another court's judicial action."); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) ("For a proper understanding of protracted litigation we may draw upon the records in all the preceding cases.") (citation omitted).

2

procedural due process, Hester seeks the restoration of lost good-time credit; expunction of the disciplinary conviction; declaratory relief; and damages (Dkt. 5 at p. 22).[3]

## II. THE PLRA

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Hester, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Hester proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972)

---

[3] It is likely that at least some of Hester's claims implicate the *Heck* bar, as discussed by the Fifth Circuit in *Mahogany v. Stalder*, 242 Fed. App'x 261, 263 (5th Cir. 2007) and *White v. Fox*, 294 Fed. App'x 955, 960–61 (5th Cir. 2008). To the extent that Hester's claims are *Heck*-barred, they are dismissed with prejudice under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as frivolous and for failure to state a claim.

(per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. PROCEDURAL DUE PROCESS

Under the applicable legal standard, Hester has not stated a viable claim for denial of his right to procedural due process. An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A prisoner charged with institutional rules violations is only entitled to relief under the Due Process Clause when the disciplinary action resulted in a sanction that infringed upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–87 (1995) ("[N]either the

4

Hawaii prison regulation in question, nor the Due Process Clause itself, afforded Conner a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*."). These protected liberty interests can emanate from either the Due Process Clause itself or from state law—*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)—but the range of protected interests "has been dramatically narrowed" by the Supreme Court, particularly in its *Sandin* opinion. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). The cases indicate that, in order to trigger protection under the Due Process Clause directly (i.e. without implicating a state-created liberty interest), state action must subject the prisoner to consequences that are "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Toney v. Owens*, 779 F.3d 330, 337 (5th Cir. 2015) (quoting *Vitek v. Jones*, 445 U.S. 480, 493 (1980)); *see also Thompson*, 490 U.S. at 460. Such consequences can include, for instance, an involuntary transfer from a state prison to a mental hospital for psychiatric treatment; the forcible administration of psychotropic drugs; and the imposition of sex-offender classification and conditions on a prisoner who has not been convicted of a sex offense. *See Vitek*, 445 U.S. at 493–94; *Washington v. Harper*, 494 U.S. 210, 221–22 (1990); *Toney*, 779 F.3d at 336–37. Similarly, state-created liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515

U.S. at 484 (citations omitted). A state's action can also implicate procedural due process protection when that action "will inevitably affect the duration of [the prisoner's] sentence." *Id.* at 487.

Hester's claims do not come within the range of protected liberty interests. As mentioned above, Hester received a custodial demotion; lost 90 days of good-time credit; and had his commissary and telephone privileges restricted for 45 days.

### a. Custodial demotion and telephone and commissary restrictions

The reduction in Hester's time-earning classification may have affected Hester's eligibility for early release from prison. But the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence, and the Texas parole statutes do not create a protected liberty interest because parole in Texas is entirely discretionary. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Kyle*, 65 F.3d at 32. Moreover, the Fifth Circuit has held that reductions in a prisoner's time-earning status, and the potential impact of those reductions on good-time credit earning ability, are too attenuated from the prisoner's ultimate release date to invoke the procedural guarantees of the Due Process Clause. *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The changes in the conditions of Hester's confinement that are attendant to the reduction in his custody classification do not affect the duration or fact of Hester's confinement and do not constitute atypical, significant hardships that go beyond

the ordinary incidents of prison life. They therefore do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958. The same is true of the temporary limitations imposed on Hester's privileges. *Id.*

### b. Loss of good-time credit

Hester's loss of 90 days of good-time credit could have been more problematic than the other sanctions. As the Fifth Circuit has explained, Texas provides two general ways in which an inmate can become eligible for early release: (1) parole, which is completely discretionary; and (2) mandatory supervision, under which early release is virtually assured (parole officials retain a modicum of discretion in the matter) once an inmate's time served added to his good-time credit equals the length of his sentence. *Teague*, 482 F.3d at 774–77. Texas state inmates who are eligible for release on mandatory supervision have a protected liberty interest in their previously earned good-time credit. *Id.* However, Hester, as previously noted, is not eligible for release on mandatory supervision. *See* TEX. GOV'T CODE 508.149(a)(1). Because he is not eligible for release on mandatory supervision, he does not have a protected liberty interest in his good-time credit. *Madison*, 104 F.3d at 768–69.

Hester has not stated a viable procedural due process claim. None of the sanctions imposed on Hester either constituted an "atypical and significant hardship" or inevitably affected the duration of Hester's sentence. The sanctions, as a result, were simply not Constitutionally actionable.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Hester's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is also directed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas on October 24, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE