UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

CALVIN JARROD HESTER, §
§
Plaintiff, §
VS. § CIVIL ACTION NO. 3:14-CV-340
§
ANGELA MAMUKUYOMI, *et al*, §
§
Defendants. §

## ORDER

Pending is a "motion for reconsideration" filed by the plaintiff, which the Court construes as a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e) (Dkt. 16). For the reasons given below, the motion is **DENIED**.

The plaintiff, Calvin Jarrod Hester (TDCJ #01472075), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, has been granted permission to proceed *in forma pauperis*, and has provided a supplemental memorandum. Hester asserts that the defendants violated his right to procedural due process during the course of a prison disciplinary proceeding (Dkt. 5 at p. 5). The Court dismissed his complaint as frivolous and for failure to state a claim (Dkt. 15). Hester then filed this Rule 59(e) motion.

Generally, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quotation marks and brackets

omitted). However, a Rule 59(e) motion challenging a judgment entered on the pleadings should typically be analyzed under the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003). Under that standard, leave should be freely given, but it may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment . . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (brackets in *Rosenzweig*). Where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case[,]" dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (quotation marks omitted).

   Hester's Rule 59(e) motion does not present any new allegations or evidence. Regardless, any attempt to do so would be futile because the disciplinary action that Hester challenges did not result in a sanction that infringed upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–87 (1995). Even though Hester lost 90 days of good-time credit as a result of the disciplinary conviction, he does not have a protected liberty interest in his good-time credit because he is not eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d 765, 768–69 (5th Cir.

1997). And the other sanctions imposed on Hester—a custodial demotion and a 45-day restriction on his commissary and telephone privileges—did not affect the duration or fact of Hester's confinement and did not constitute atypical, significant hardships going beyond the ordinary incidents of prison life. *Id.*; *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000). As the Court stated before, the sanctions, as a result, were simply not Constitutionally actionable. *Sandin*, 515 U.S. at 483–87.[1]

Hester's Rule 59(e) motion (Dkt. 16) is **DENIED**.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 5th day of January, 2018.

George C. Hanks Jr.
United States District Judge

---

[1] As the Court also stated before, it is also likely that at least some of Hester's claims are barred by the doctrine set out by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Mahogany v. Stalder*, 242 Fed. App'x 261, 263 (5th Cir. 2007); *White v. Fox*, 294 Fed. App'x 955, 960–61 (5th Cir. 2008).